UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

―――

WILLIE L. JOHNSON #137377,

                Plaintiff,                Case No. 2:09-cv-47

v.                                    Honorable R. Allan Edgar

MICHAEL ENGELSGJERD, et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the entire partial filing fee in this case. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Willie L. Johnson #137377, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Michael Engelsgjerd, M.D., Harish Rawal, M.D., and Howard Tyree, P.A.  Plaintiff alleges that on June 6, 2007, at approximately 9:43 p.m., he passed out in the shower and struck his head on the wall.  Plaintiff was shaking after he was removed from the shower by officers.  Custody staff called for a nurse, who examined Plaintiff.  Plaintiff was unable to answer questions posed to him, but did respond to verbal stimuli.  Plaintiff was then brought to the clinic, where he recovered enough to answer questions.  Plaintiff's blood pressure was low and he had a laceration on his right forehead, just above his eye, which was repaired with fourteen stitches by Dr. Cook.  Plaintiff was given x-rays, and MRI and an MRA.  As a result of these tests, it was discovered that Plaintiff had a mass in the proximal pituitary stalk / hypothalamus.

Plaintiff was seen by Dr. Henry, who advised Plaintiff that he had a brain tumor and that it would be best to have the tumor treated immediately in order to minimize the risk of bleeding. On June 7, 2007, Defendant Engelsgjerd authorized custody to escort Plaintiff to the Ernest C. Brooks Facility in Muskegon Heights, Michigan .  Defendant Engelsgjerd advised Plaintiff that he would be placed in the infirmary for observation and that Plaintiff's x-rays would be reviewed by some visiting specialists.  Plaintiff states that Defendant Engelsgjerd did not examine him.  After one week, Plaintiff was released and escorted back to his cellblock.

Plaintiff asserts that Defendant Engelsgjerd refused to transfer him to an appropriate correctional facility near the University of Michigan medical center, and instead transferred him to

the Standish Correctional Facility (SMF). Plaintiff states that Defendant Engelsgjerd took this action despite the fact that a community physician had mandated a neurosurgical consultation. Plaintiff alleges that Defendant Engelsgjerd was motivated by financial considerations.

On June 22, 2007, Plaintiff received a neurosurgical consultation by Defendant Rawal, who examined Plaintiff and reviewed his MRI and MRA reports. Defendant Rawal told Plaintiff that he did not see any cause for alarm and that if Plaintiff experienced any pain in his head to contact his office immediately. Plaintiff was taken back to SMF, which is at least forty minutes away from a hospital, placing Plaintiff at risk for complications from his deteriorating brain tumor.

On June 27, 2007, Plaintiff was seen by Defendant Tyree, who renewed Plaintiff's medications. When Plaintiff attempted to discuss his brain tumor, Defendant Tyree asked Plaintiff whether he was making everything up. Plaintiff claims that the deliberate indifference of Defendants Engelsgjerd, Rawal and Tyree have forced him to suffer from the terror of instant and unexpected death. Plaintiff seeks declaratory and injunctive relief, as well as damages.

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a

> physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

As noted above, Plaintiff contends that the failure to have him transferred to a facility near the University of Michigan hospital constitutes deliberate indifference. However, a review of the attachments to Plaintiff's complaint show that he was examined by doctors on numerous occasions and received various tests in an effort to monitor his condition. On June 6, 2007, December 7, 2007, and June 25, 2008, Plaintiff had an MRI of the brain and pituitary gland. (Plaintiff's Exibits E-G.) According to the June 25, 2008, MRI report, Plaintiff has an enlargement of the pituitary stalk and the tuber cinereum with abnormal enhancement, which contains a cyst at the bottom of the pituitary stalk. However, Plaintiff's MRI shows no restriction on brain diffusion. The test concludes that Plaintiff most likely has either a stable very slow growing glioma or an inflammatory process and that Plaintiff should have a follow-up examination in one year. (Plaintiff's Exhibit G.)

In the step I response to Grievance No. SMF-07-08-1662-12d3, dated September 17, 2007, it is noted:

> Per health record review on Johnson #137377, on 6/22/07 patient was evaluated by Dr. Rawal and he states patient does not appear to have any significant neurological abnormalities. There was no evidence of an aneurysm, nothing at that time had to be done due to not being connected to the circulation. Patient is ordered to have a repeat MRI and then will be re-evaluated by Dr. Rawal.

(Plaintiff's Exhibit C, p. 5.) The step III response to this grievance indicates that Plaintiff's medical needs were being addressed, that he had been evaluated and that additional specialized testing was being arranged as well as a follow-up visit to a specialist. (Plaintiff's Exhibit C, p. 9.) Therefore, it is clear from the record that Plaintiff is receiving medical care, but is unhappy with the specific care he is receiving.

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at *2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000). As such, Plaintiff fails to state an Eighth Amendment claim against Defendants.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: _____11/30/09_____          _____*/s/ R. Allan Edgar*_____
                                                     R. ALLAN EDGAR
                                                     UNITED STATES DISTRICT JUDGE